IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., an Iowa Corporation,<br><br>Plaintiff and Counterclaim defendant,<br><br>vs.<br><br>BEEMAC DRIVER MANAGEMENT, LLC, a Pennsylvania Limited Liability Company, and DRIVERS MANAGEMENT SOLUTIONS, LLC a Pennsylvania Limited Liability Company,<br><br>Defendants and Counterclaimants. | 8:16-CV-382<br><br><br><br>MEMORANDUM AND ORDER |

The defendants entered into an agreement with the plaintiff for workers' compensation insurance coverage that included a "reinsurance participation agreement." Filing 1-1. The plaintiff alleges that the defendants breached the reinsurance participation agreement for their failure to pay an amount due and owing, as well as the defendants' failure to pay an early cancellation fee assessed as a consequence of the alleged breach. The defendants moved for summary judgment asserting that the plaintiff's response to two requests for admission preclude the plaintiff from proving the defendants' breach as a matter of law. Filing 48. In addition, the defendants moved to strike the opinion, testimony and affidavit of what the defendants assert is plaintiff's expert, claiming she was not timely disclosed. Filing 52.

The Court concludes that there are genuine issues of material fact precluding summary judgment regarding calculation of the amount the plaintiff claims is due and owing. The Court also concludes that the plaintiff's witness is not testifying as an expert, but instead is the plaintiff's employee testifying based on her personal knowledge of the plaintiff's business practices.

## I. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.*

## II. BACKGROUND

On August 15, 2013, the parties entered into a reinsurance participation agreement in connection with the defendants' workers' compensation insurance coverage needs. Filing 1-1; filing 25 at 4-5. The agreement was for a three-year term that could be extended by the parties. Filing 1-1 at 4. In January 2015, the plaintiff sent an account statement to the defendants representing that the total due for its workers' compensation program, together with other charges, was $142,797.91. Filing 1-1 at 14-15. As of February 10, 2015, the plaintiff had cancelled the defendants' insurance plan and early cancelation charges were incurred in the amount of $253,287.00. Filing 1-1 at 12.

III. DISCUSSION

1. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In their motion for summary judgment, the defendants dispute the amounts owed and how those amounts were calculated. The defendants assert that the plaintiff's unequivocal response to two requests for admission precludes proof of the amount the plaintiff claims is due. Filing 49 at 1. The requests are identical in substance, but specific as to each defendant:

> REQUEST NO. 26: Admit that the $142,897.91 you contend is past due under the [reinsurance participation agreement] was not calculated on the payroll of [defendant Beemac Driver Management, LLC].
>
> RESPONSE: Admit.
>
> REQUEST NO. 27: Admit that the $142,897.91 you contend is past due under the [reinsurance participation agreement] was not calculated on the payroll of [defendant Drivers Management Solutions, LLC].
>
> RESPONSE: Admit.

Filing 49-2 at 9.

The defendants assert that the amount due cannot be correctly calculated pursuant to the parties' agreement without using the defendants' payroll, and the defendants could not have breached the parties' agreement by refusing to pay an incorrect billing – that is, not paying an amount that wasn't calculated pursuant to the terms of the agreement. Filing 49 at 5-6. In support of their argument, the defendants posited a formula that they claim is derived from the parties' agreement and represents how the amount that was due pursuant to the agreement should have been calculated.

The plaintiff responds that the amount the defendants owe is calculated based on several factors – and not directly from the defendants' payroll. Thus, their admission is both accurate and, as a matter of law, does not entitle the plaintiff to judgment. In support, the plaintiff offered an affidavit from Ellen M. Gardiner, who is identified as the Chief Actuary for the plaintiff and a Fellow of the Casualty Actuarial Society. [Filing 51-1](). Gardiner avers that the defendants' payroll is used to determine the premium due under the "Policies" – not just under the reinsurance participation agreement. Moreover, Gardiner says the defendants are wrong about the formula which, they say, was used by the plaintiffs to calculate the amount due.

It is apparent that calculation of the amount due pursuant to the parties' agreement is not as simple as the defendants want to make it seem. Indeed, it is not at all apparent from the pleadings and evidence how the plaintiff calculated the amount due – only that the plaintiff claims there is an amount due and owing. In a word, calculation of the amount that may or may not be due under the parties' agreement is abstruse.

It is also worth noting that the defendants' argument rests on the premise that failure to calculate the amount due, accurate down to the penny, was a prior *material* breach of the agreement, excusing their own subsequent failure to perform. *See* [filing 49 at 6]() (citing [*Siouxland Ethanol, LLC v. Sebade Bros., LLC,* 859 N.W.2d 586, 592 (Neb. 2015)]()). But a "material breach" is "a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract or makes it impossible for the other party to perform under the contract." [*Siouxland Ethanol,* 859 N.W.2d at 592](). The defendants offer no authority to suggest that any miscalculation of the amount owed under a contract is necessarily a material breach of the contract. The defendants have, in fact, not proffered any

calculation of how much *was* owed under the contract, according to them. It's apparent, then, that the Court can't conclude as a matter of law that the plaintiff's billing, even if inaccurate, was a material breach.

The plaintiff will require detailed proof and explanation at trial to prove its case. However, in a motion for summary judgment it is the moving party – here the defendants – who bear the burden of showing no genuine dispute of a material fact entitling them to judgment as a matter of law. Calculation of the amount due, if any, pursuant to the parties' agreement is clearly in dispute, thus precluding summary judgment.

## 2. MOTION TO STRIKE PLAINTIFF'S EXPERT

The defendants argue that Gardiner was not disclosed as an expert prior to the expert disclosure deadline in the scheduling order. According to the defendants, "it is apparent Ellen Gardiner is testifying as an expert concerning the meaning of the Reinsurance Participation Agreement at issue in this case." [Filing 53 at 2](). Additionally, the defendants argue that even if Gardiner is not testifying as an expert, her testimony concerns contract interpretation, which is determined by the Court as a matter of law.

The defendants fail to perceive the distinction between a witness who is an expert, and a witness testifying as an expert. An expert witness testifies in the form of opinions and conclusions based on such person's knowledge, skill, experience, training or education. [Fed. R. Evid. 702](). That is not the substance of Gardiner's affidavit. Gardiner, as the plaintiff's employee and presumably an expert in the field of casualty actuarial science, explained the way Applied Underwriters calculated the amount due pursuant to the parties' agreement. She was someone who likely is an expert in her field, testifying about her personal knowledge of her employer's business practices. To the extent that

she provided an opinion, it was a lay opinion derived from her work experience for the plaintiff. Personal knowledge or perception acquired in industry experience or in the ordinary course of business is a sufficient foundation for lay opinion testimony. *Warner Bros. Entertainment, Inc. v. X One X Productions*, 644 F.3d 584, 592 (8th Cir. 2011); *Burlington N. R.R. Co. v. Nebraska*, 802 F.2d 994, 1004-05 (8th Cir. 1986).[1]

### IV. CONCLUSION

There are genuine issues of material fact regarding the amount due pursuant to the parties' agreement precluding summary judgment. There is no present basis to strike the opinions, testimony or affidavit of Ellen Gardiner on the ground that she was not timely disclosed as an expert witness.

IT IS ORDERED:

1. Defendants' motion for summary judgment (filing 48) is denied.

2. Defendants' motion to strike the opinions, testimony and affidavit of Ellen Gardiner (filing 52) is denied.

---

[1] It is also worth noting that while the Court may exclude expert testimony that wasn't timely disclosed, the exclusion of evidence is a harsh penalty and should be used sparingly. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). In deciding whether exclusion is warranted, the Court must consider, among other things, the reason for nondisclosure, the surprise or prejudice to the opposing party, the extent to which allowing the testimony would disrupt the proceedings, and the importance of the testimony. *See id*. And the defendants have offered neither argument nor evidence as to any of those considerations. *See* filing 53.

Dated this 6th day of December, 2018.

BY THE COURT:

John M. Gerrard
Chief United States District Judge